UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELE NICOLE GIPSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

CASE NO. 3:17-CV-05738-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Michele Nicole Gipson filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Acting Commissioner of Social Security's ("Commissioner") denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See generally* Dkt.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred regarding the medical opinion evidence from Dr. Kristine S. Harrison, Psy.D., but this error was harmless. In addition, Plaintiff failed to show the ALJ erred by not including a limitation

reflecting excessive absences in the residual functional capacity ("RFC"). Accordingly, the decision of the Acting Commissioner of Social Security ("Commissioner") is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On July 16, 2014, Plaintiff filed applications for DIB and SSI, alleging disability as of May 4, 2013. *See* Dkt. 7, Administrative Record ("AR") 21. The applications were denied upon initial administrative review and on reconsideration. *See* AR 21. ALJ Kelly Wilson held a hearing on February 10, 2016. *See* AR 48-78. In a decision dated May 31, 2016, the ALJ determined Plaintiff to be not disabled. AR 21-40. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred: (1) in her treatment of the medical opinion evidence from Dr. Harrison; and (2) by failing to include a limitation regarding absenteeism in the RFC. Dkt. 9, pp. 4-11.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.  Whether the ALJ properly considered the medical opinion evidence from examining physician Dr. Harrison.**

Plaintiff argues the ALJ erred by failing to include limitations in the RFC which reflect all of the mental restrictions described by Dr. Harrison. Dkt. 9, pp. 4-10. Plaintiff also briefly mentions Dr. Harrison's opinion regarding Plaintiff's credibility. *Id.* at 5.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Harrison conducted a psychological evaluation of Plaintiff on October 6, 2014. *See* AR 603-07. As part of her evaluation of Plaintiff, Dr. Harrison reviewed records, conducted a clinical interview, and performed a mental status examination. *See* AR 603-07. Dr. Harrison also reviewed Plaintiff's psychosocial history, which included discussions of Plaintiff's employment, medical, and family histories. AR 604-05. In relevant part, Plaintiff told Dr. Harrison she began feeling depressed about nine to ten years ago. AR 604. She described her depression "as not wanting to do anything, wishing 'it' would be over . . . and isolating in her room after doing the

things that must be done." AR 604. Furthermore, Dr. Harrison noted that due to Plaintiff's "significant history of trauma" – including the drowning of her first husband and near-drowning of her child – Plaintiff "is fearful of water and driving in the rain," avoids "going outside when it is raining heavily," and avoids "being around water." AR 605; *see also* AR 604.

In the mental status examination, Dr. Harrison found Plaintiff "alert and oriented," "well-spoken" with normal speech and coherent content, and able to concentrate "without evidence of unusual distractibility." AR 605. Plaintiff "was tearful at appropriate times" and reluctant to talk about personal problems. AR 605. Further, on a scale of 1 to 10 – with 1 being depressed and 10 being happy – Plaintiff "described her mood two days prior to this assessment as a 7." AR 605. She told Dr. Harrison "her mood varies week by week." AR 605; *see also* AR 607.

With respect to mental diagnoses, Dr. Harrison opined Plaintiff had "mild to moderate" unspecified depressive disorder, as well as posttraumatic stress disorder. AR 607. Dr. Harrison concluded Plaintiff is "hypervigilant, particularly around water." AR 607. She also concluded Plaintiff becomes angry when she sees "abuse of others" and avoids situations involving "anger or abuse." AR 607. Lastly, Dr. Harrison determined Plaintiff avoids "close relationships" and "discussing her history with others." AR 607.

The ALJ mentioned Dr. Harrison's evaluation twice in her decision. First, the ALJ stated:

> In October 2014, when the claimant met with consultative examiner, Kristine S. Harrison, Psy.D the claimant was diagnosed with unspecified depressive disorder, mild to moderate and post-traumatic stress disorder. Prior to meeting with the consultative examiner in 2014, the claimant had not been involved in psychotherapy or counseling and she was not taking prescribed psychiatric medications. The claimant reported feeling depressed for approximately nine to ten years, but stated she never informed a doctor of her depressed mood.

AR 35 (internal citations omitted).

Second, the ALJ referenced Dr. Harrison's evaluation when discounting Plaintiff's subjective symptom testimony, stating:

> Furthermore, [Plaintiff] reported to consultative examiner, Dr. Harrison that on a typical day she gets up early with her children and gets them ready for the school bus, the first of which arrives at 6:52am. She also reported to Dr. Harrison, she was able to stand to shower and dress herself because the pains in her feet were improved after recent treatments. Additionally, she reported being able to drive and use the bus if needed and handle the finances jointly with her husband. She reported to Dr. Harrison that she was able to use a computer and the claimant helped her children with their homework . . . The claimant's statements regarding her activities of daily living support a finding she could do some light level work.

AR 36 (internal citations omitted).

Hence, the ALJ mentioned Dr. Harrison's evaluation twice but failed to state how she considered this evaluation. Thus, it is unclear whether the ALJ intended to discount Dr. Harrison's evaluation, and as such, the Court cannot determine whether the ALJ properly considered this evaluation. The ALJ therefore erred by failing to adequately explain her consideration of Dr. Harrison's evaluation. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (citation and internal quotation marks omitted) (the ALJ "may not reject significant probative evidence without explanation"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (the ALJ must "set forth the reasoning behind [her] decisions in a way that allows for meaningful review").

Notably, however, harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without

regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, the ALJ erred by failing to explain her consideration of Dr. Harrison's opinion. Plaintiff acknowledges "Dr. Harrison did not specifically articulate any specific functional restrictions," but argues Dr. Harrison's evaluation nevertheless "provide[s] insight" into Plaintiff's "functional restrictions." Dkt. 9, p. 5. Yet a close examination of Dr. Harrison's report reveals she did not, as Plaintiff acknowledges, opine to any functional limitations. For example, although Dr. Harrison described Plaintiff as depressed and hypervigilant, Dr. Harrison did not state these symptoms translate into functional limitations. *See* AR 604, 605, 607.

Dr. Harrison also wrote Plaintiff "is fearful of water and driving in the rain" and therefore "avoids" going out in the rain. AR 604, 605. Moreover, Dr. Harrison stated Plaintiff "avoids" abusive situations and close relationships. AR 605, 607. However, while Dr. Harrison wrote Plaintiff *avoids* these situations, she did not opine Plaintiff *cannot* encounter them. Furthermore, Dr. Harrison again did not state these traits and symptoms translate into functional limitations. Thus, while the ALJ erred with respect to Dr. Harrison's opinion, this error was harmless and does not require reversal, as it was inconsequential to the ultimate disability determination. *See Molina*, 674 F.3d at 1115 (an error is harmless if it "did not alter the ALJ's decision").

Furthermore, the Court notes Plaintiff briefly mentioned in her Opening Brief that Dr. Harrison found her credible, with "no evidence of symptom exaggeration." Dkt. 9, p. 5 (quoting AR 603). The ALJ, on the other hand, discounted Plaintiff's subjective symptom testimony for several reasons, including inconsistency with the medical records, failure to seek mental health treatment, noncompliance with treatment recommendations, previously working despite her mental impairments, and her activities of daily living. AR 27-36.

Despite briefly mentioning Dr. Harrison's credibility determination, Plaintiff failed to articulate any argument in her Opening Brief regarding the ALJ's treatment of her subjective symptom testimony. *See generally* Dkt. 9. Thus, to the extent Plaintiff attempted to argue the ALJ erred in her treatment of the subjective symptom testimony, the Court finds Plaintiff failed to show the ALJ erred on this issue. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in [her] briefing").

In sum, Plaintiff failed to show the ALJ made any harmful error regarding either Dr. Harrison's opinion or Plaintiff's subjective symptom testimony. Therefore, reversal is not warranted on these issues.

**II.     Whether the ALJ properly considered Plaintiff's potential work absences.**

Plaintiff next argues the RFC is unsupported by substantial evidence in the record because the record indicates she would miss more than one day of work per month due to headaches. Dkt. 9, pp. 9-10.

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an individual's functional limitations or restrictions and assess "her work-related abilities on a function-by-function basis." *Id.* Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when she provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7

In the RFC, the ALJ included no limitation regarding how often Plaintiff would be absent from work. *See* AR 27. By contrast, at the hearing, the ALJ asked the vocational expert to consider an individual who would have one unexpected work absence per month. AR 77; *see also* AR 40. Regardless, Plaintiff maintains the ALJ erred in the RFC assessment, arguing her history of "severe" headaches and migraines indicates she would likely miss more than one day of work per month. Dkt. 9, pp. 9-10.

Plaintiff cites three record citations to support her assertion. First, on June 6, 2012, Plaintiff reported to the hospital for a "mild frontal headache" that had been present for two days. *Id.* at 10 (citing AR 299). Second, on March 19, 2013, a medical record containing Plaintiff's "Problem List" indicated she had right-sided headaches about three times per week. *Id.* (citing AR 364). Third, on July 23, 2013, Plaintiff reported to a physician "for reevaluation of a headache" that was "continuous for one week." *Id.* (citing AR 487, 569).

Nevertheless, Plaintiff's argument is unsupported by the record. While these records indicate Plaintiff suffers from headaches, they do not state she would have work absences due to headaches. Therefore, Plaintiff failed to show the ALJ erred by not including a limitation in the RFC accounting for work absences. *See Gorder v. Colvin*, 2014 WL 1466450, at *5 (W.D. Wash. April 15, 2014) ("None of [Plaintiff's] cited treatment notes [on headaches] reference any particular limitation related to absenteeism, and thus [P]laintiff's argument is based on extrapolation … rather than substantial evidence in the record. Plaintiff has not established that the ALJ erred in failing to include an absenteeism limitation in her RFC."); *see also Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] 'substantial rights.'"); *Allen v.*

*Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld).

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 1st day of March, 2018.

David W. Christel
United States Magistrate Judge